ANTONIETTE LOPRIENO and GAETANO LOPRIENO, Plaintiffs, *v.* NATHAN RUDICH, an Infant, by BENJAMIN RUDICH, His Guardian ad Litem, Defendant.

City Court of New York, Special Term, Bronx County, July 19, 1939.

*John C. Delaney* [*Thomson & McGinty* of counsel], for the plaintiffs.

*Carroll C. Bryan* [*E. C. Sherwood* of counsel], for the defendant.

DONNELLY, J. The complaint was unverified; the answer was verified. The pending motion is by defendant for an order of preclusion; it is based upon the sole ground that plaintiff failed to serve a verified bill of particulars pursuant to defendant's demand therefor. Apparently the defendant is satisfied with the bill of particulars in every other respect.

My attention has been directed to a number of decisions made at Special Term, Part I, of the Supreme Court in this department, all of which hold that where the answer is verified the bill of particulars also must be verified, even though the plaintiff served an unverified complaint. In those decisions, in which the reason therefor is given, it is stated that the bill of particulars is treated as a subsequent pleading.

Where a pleading is verified, each subsequent pleading, except the general answer of an infant by his guardian *ad litem* and except as otherwise specially prescribed by statute, must also be verified. But the verification may be omitted in a case where it is not otherwise specially prescribed by law where the party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading. (Civ. Prac. Act, § 248.)

Section 246 of the Civil Practice Act originally provided that if a copy of the account be pleaded without setting forth the items thereof, the adverse party may make a written demand therefor and if the pleading be verified, the account must be verified. By chapter 241 of the Laws of 1936, in effect September 1, 1936, section 246 was amended so as to read: " It is not necessary for a party to set forth in a pleading the items of an account therein alleged." Rule 117 of the Rules of Civil Practice now provides: " If a pleading be verified, a bill of particulars or a copy of the items of an account, also must be verified * * *." The pleading to which reference is made obviously is the pleading in which the account is alleged.

A bill of particulars is not of itself a pleading. In the case of a complaint it supplements and amplifies the complaint. The same

thing is, of course, true of an answer. The first pleading on the part of the plaintiff is the complaint. (Civ. Prac. Act, § 254.) At bar the subsequent pleading was, and is, the answer. Here the bill of particulars is not "the subsequent pleading." Where a bill of particulars supplements an answer, if the answer is verified, the bill of particulars also must be verified. Such I take to be the correct interpretation of rule 117, unless the rule is to be so construed as to require a verified bill of particulars of *any* pleading whether it supplement the first or a subsequent pleading. In the instant case it was not necessary because of the statute (Civ. Prac. Act, § 248) for the plaintiffs to serve a verified complaint. As the complaint was not verified the defendant was not required to serve a verified answer. Having elected to do so, defendant may not, for this reason, compel plaintiffs to serve a verified bill of particulars of their unverified complaint.

Motion denied.